UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

| | | |
|---|---|---|
| DANA LEE WODARSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:20-079-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| KENTON COUNTY | ) | **MEMORANDUM OPINION** |
| DETENTION CENTER, ET AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dana Lee Wodarski, a pro se Ohio prisoner, recently filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. [*See* D. E. No. 1]. That complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A. Since it is plainly apparent from the face of Wodarski's complaint that his claims are barred by the applicable statute of limitations, the Court will dismiss his civil rights claims.

In December 2018, Wodarski filed a nearly identical civil rights action pursuant to § 1983 in the United States District Court for the Western District of Kentucky. He alleged that, in December 2017, Deputy Lindel, who is employed by the Kenton County Detention Center, (1) made several inappropriate statements to him,

1

(2) added mace to a water bottle and poured it on him and his bedding, (3) ordered him to clean up the water/mace, and (4) spit chewing tobacco at him.

On December 11, 2018, the Western District of Kentucky issued an order transferring the case to the United States District Court for the Eastern District of Kentucky on the ground that Wodarski's claims arose in the Eastern District of Kentucky, where the Kenton County Detention Center is located, and therefore venue was proper there. *See Wodarski v. Kenton County Detention Center et al.*, No. 2:18-cv-204-WOB (E.D. Ky. 2018) (setting out the entire district court docket).

After the case was transferred, on December 19, 2018, this Court, the Eastern District of Kentucky, issued an order in which it (1) granted Wodarski's motion to proceed in forma pauperis, (2) ordered him to pay an initial partial filing fee within twenty-eight days, and (3) required him to "immediately advise the Clerk's Office of any change in his current mailing address," with the additional bold-type warning that "**[f]ailure to do so may result in dismissal of this case**."

Wodarski did not pay the initial partial filing fee as ordered. Accordingly, on January 29, 2019, this Court issued an order directing Wodarski to show cause within twenty-eight days why the case should not be dismissed for failure to prosecute by explaining why he failed to pay the initial partial filing fee and why he failed to update his current mailing address with the clerk's office. This Court noted that Wodarski was released from custody on December 28, 2018, and that "his

whereabouts remain unknown." Wodarski was warned that his lawsuit would be dismissed without prejudice if he failed to abide by the show-cause order.

Wodarski did not respond to the show-cause order, and, on February 11, 2019, the copy of the order that had been mailed to Wodarski was returned to this Court as undeliverable. Thus, this Court dismissed Wodarski's complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), which provides for dismissal of an action where the plaintiff has failed "to prosecute or to comply with these rules or any court."

That said, Wodarski proceeded to file a timely appeal with the United States Court of Appeals for the Sixth Circuit. Wodarski argued that his "mail was undeliverable" and that he "was never noticed of a 28 day notice." Wodarski explained that, when he was released from the Ottawa County Detention Center (the address on file with this Court), he was sent to a rehabilitation facility; he argued that his mail should have been forwarded to him at the facility. Finally, Wodarski argued that "the jailer" at the Ottawa County Detention Center was in charge of sending the initial partial filing fee to this Court.

The Sixth Circuit proceeded to review for an abuse of discretion this Court's order dismissing Wodarski's complaint without prejudice for failure to prosecute. The Sixth Circuit considered a number of factors and determined that the balance of those factors supported this Court's decision to dismiss Wodarski's complaint.

Therefore, the Sixth Circuit concluded that this Court did not abuse its discretion and affirmed its judgment. *See Wodarski v. Kenton County Detention Center et al.*, No. 19-5248 (6th Cir. Sept. 6, 2019).

Now, more than eight months later, Wodarski has returned to this Court and filed another civil rights complaint alleging facts very similar to those at issue before. Indeed, Wodarski once again alleges that, in December 2017, Deputy Lindel made several inappropriate statements to him, poured water on him, and spit chewing tobacco at him. *See* D. E. No. 1 at 2-3. Wodarski then indicates that he fully exhausted his administrative remedies by January of 2018 and is seeking money damages for what he describes as, among other things, assault, slander, and discrimination. *See id.* at 4-8.

The Court has fully reviewed Wodarski's latest complaint, and it is plainly apparent from the face of that pleading that his civil rights claims are now time-barred. That is because Wodarski alleges that the events in question happened in December 2017, and he had one year to assert his claims. *See Begley v. Tyree*, No. 17-5001, 2018 WL 3244508, at *3 (6th Cir. 2018) (explaining that "[c]laims arising under § 1983 are subject to the statute of limitations for personal injury actions in the state in which the claim is brought," and, "[i]n Kentucky, personal injury actions must be brought within one year of the accrual of the cause of action"). Wodarski, however, did not file the present complaint until late May of 2020, much more than two years

4

after the events in question (in December 2017) and Wodarski fully exhausted his administrative remedies (in January 2018). Ultimately, "[w]here the applicability of a statute of limitations bar is plain from the face of the complaint, the claim is subject to sua sponte dismissal." *Mayes v. Lexington Police Dept.*, No. 5:16-cv-366-DCR, at D. E. No. 10 (E.D. Ky. June 28, 2017). And the fact that Wodarski's prior complaint was dismissed without prejudice for failure to prosecute, and the Sixth Circuit affirmed this Court's judgment, does not warrant a different result.

Accordingly, it is **ORDERED** that:

1. The civil rights claims asserted in Wodarski's complaint pursuant to 42 U.S.C. § 1983 [D. E. No. 1] are **DISMISSED** with prejudice.

2. Any and all pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 27th day of May 2020.

**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**

5